IN THE MATTER OF SECURING COMPENSATION
BY ARTHUR W. A. COWAN, GUARDIAN OF THE
ESTATES OF TIMOTEO ANGCO AND CIPRIANO
ANGCO, MINORS.

No. 2126.

ARGUED DECEMBER 1, 1933.  DECIDED DECEMBER 23, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon two reserved questions of
law certified to this court by the industrial accident board
of the City and County of Honolulu, under the provisions
of section 38 of the Workmen's Compensation Act (§ 3641,
R. L. 1925). As a basis for these two questions, herein-
after set forth, is posited the following "statement of
facts" made by the said board and attached to its said

certification and reservation: "On September 18, 1933, Arthur W. A. Cowan, guardian of the estates of Timoteo Angco and Cipriano Angco, minors, filed with the industrial accident board, in and for the City and County of Honolulu, Territory of Hawaii, a notice of injury and claim for compensation addressed to Victor Feril Angco, doing business as Angco Tailor Shop, in which it is stated that Felix Angco was killed while in the employ of said Victor Feril Angco on June 16, 1930, at Spreckelsville, Maui, at or about the hour of 7:30 P. M., the nature and cause of death being death resulting from being struck by a car driven by a Standard Oil Company employee, the deceased at the time acting in the course of his employment. For the purpose of certifying the questions of law to the supreme court of the Territory of Hawaii, for their determination, the following facts, as well as those stated above, are not disputed: 1. That Felix Angco was killed in an accident arising out of and in the course of his employment. 2. That Timoteo Angco and Cipriano Angco are minor dependents of said Felix Angco within the meaning of Chapter 209, Revised Laws of Hawaii, 1925. 3. That the mother of said Timoteo Angco and Cipriano Angco, minors, predeceased said Felix Angco. 4. That said Timoteo Angco and Cipriano Angco, minors, were of the ages of five and six years, respectively, at the date of death of said Felix Angco, and now reside in and have always resided in the Philippine Islands. 5. That no payments of compensation have been made to said minors or to anyone on their behalf. 6. That on November 19, 1930, a suit for damages was instituted in the circuit court of the first judicial circuit of the Territory of Hawaii, being law number 13043, entitled 'Timoteo Angco and Cipriano Angco, minors, by Victor Feril Angco, their uncle and next friend, plaintiffs, vs. The Standard Oil Company of California, a corporation, defendant,'

and on the same day a motion was made by Messrs. Ulrich and Hite, for the appointment of Victor Feril Angco as 'next friend to prosecute the above entitled action.' The order on said motion was as follows: 'Good cause appearing therefor, Victor Feril Angco is hereby appointed next friend of Timoteo Angco and Cipriano Angco, minors, to prosecute on their behalf the above entitled cause. Dated at Honolulu, T. H., November 19, 1930. Signed William C. Achi, judge, circuit court, first judicial circuit, Territory of Hawaii.' 7. That said suit for damages was based on an alleged cause of action arising from the same facts as give rise to the claim for compensation herein, and was based on an alleged common law liability of the Standard Oil Company of California, as an alleged third party tort-feasor, to pay damages to said minors in respect of the death of said Felix Angco. 8. That on August 21, 1933, the United States circuit court of appeals for the ninth circuit entered its judgment in favor of the defendant in said action, thereby affirming the successive judgments of the circuit court of the first judicial circuit of the Territory of Hawaii and of the supreme court of the Territory of Hawaii, the complete record in the case being law number 13043 in the circuit court of the first judicial circuit of the Territory of Hawaii, law number 2031 in the supreme court of the Territory of Hawaii and law number 6076 in the United States circuit court of appeals for the ninth circuit. 9. That on August 29, 1933, Victor Feril Angco, uncle and next friend of Timoteo Angco and Cipriano Angco, minors, filed with said industrial accident board a notice of injury and claim for compensation in which the same statements were made as were made in the above referred to claim filed on September 18, 1933, by said Arthur W. A. Cowan. Said claim of August 29, 1933, was subsequently withdrawn by said Victor Feril Angco, on his motion. 10. That on

September 18, 1933, upon the petition of Victor Feril Angco, the Honorable E. M. Watson, judge of the circuit court of the first judicial circuit of the Territory of Hawaii duly appointed Arthur W. A. Cowan as guardian of the estates of said Timoteo Angco and Cipriano Angco, minors, and letters of guardianship were duly issued to him on September 18, 1933. 11. That the Victor Feril Angco who was appointed next friend to prosecute law number 13043, and the Victor Feril Angco who was the employer of the deceased Felix Angco, are one and the same person. 12. That no general or other guardian of said minors had ever been appointed by any court prior to the appointment of Arthur W. A. Cowan above referred to, and no guardian ad litem or next friend has ever been appointed for said minors other than Victor Feril Angco in law number 13043."

The questions of law thus reserved and certified are as follows: "1. Did the institution and prosecution of law number 13043, constitute an election within the meaning of section 3608, Revised Laws of Hawaii, 1925? 2. If question one is answered in the negative, then under the facts submitted, is the guardian herein, in view of sections 3624 and 3628, Revised Laws of Hawaii, 1925, barred from maintaining proceedings for compensation?"

Appearing in this court by brief and oral argument and submitting the foregoing questions upon their merits, expressly, so far as this proceeding is concerned, without dispute as to the facts, are the "attorneys for employer and insurance carrier" who submit that both questions should be answered in the affirmative, and the guardian of the estates of said two minors, in person, who submits the said questions should be answered in the negative. No question as to parties, as to the procedure whereby the foregoing finding of facts was made by the accident board or as to the facts themselves having been raised,

none need now be considered. For the purpose of this proceeding we shall assume, as counsel either expressly or in effect have done, that the facts are as above quoted in the statement of the accident board, that the above quoted questions of law are not moot questions and that they are properly before us for answer.

Coming now to the questions themselves. 1. Did the institution and prosecution of law number 13043 constitute an election within the meaning of section 3608, R. L. 1925? Section 3608, omitting portions not directly relevant to this inquiry provides, "When any injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this chapter or obtain damages from or proceed at law. against that other person to recover damages." Interpreting the foregoing section this court, in *Kaulia* v. *Rapid Transit Co.,* ante 446, 448, has held, "It contemplates that an employee who is injured by the negligence of a third person may have his choice of either one of the two remedies mentioned in the statute. He may choose that given him by the statute against his employer or he may choose that given him by the common law, against the negligent third party. The words 'either * * * or' clearly indicate the intent of the legislature that both remedies cannot be pursued but that an election must be made." Section 3608 thus interpreted applies to injured employees. Section 3663, defining certain terms used in the Act, provides among other things, in paragraph (b), " 'Workman' is used as synonymous with 'employee,' and means any person who has entered into the employment of, or works under contract of service or apprenticeship with, an employer. * * * Any reference to a workman who has been injured

shall, where the workman is dead, include a reference to his dependents as herein defined, if the context so requires." Thus section 3608, as interpreted in *Kaulia* v. *Rapid Transit Co., supra,* applies in the circumstances named not only to the injured employee in the narrower sense of that term but to the dependents of the deceased employee as well. In the instant case, however, the dependents of the deceased employee are infants and therefore are and were at all times named in the foregoing statement of facts incapable in their own persons of making a binding election of remedies. Such an election could have been made for them only by a representative thereunto legally empowered. Victor Feril Angco, their uncle, and the interested employer of the deceased workman, who, as next friend of said minors, began and prosecuted to final unsuccessful determination, the above named action in tort against the Standard Oil Company of California, was neither by nature nor by order or approval of court, directly or indirectly vested with any such power. The order of appointment entitled and filed in the particular action last above named, dated November 19, 1930, signed by the judge of the circuit court and issued without bond, appointed Victor Feril Angco "next friend of Timoteo Angco and Cipriano Angco, minors, to prosecute on their behalf the above entitled cause." As to what extent Victor Feril Angco, as *prochein ami,* could bind or estop said minors or waive any of their substantial rights in law number 13043, without prior submission to and approval by the court thus appointing him, we need not now consider. The powers conferred or recognized by the above court order did not extend and did not purport to extend beyond the exigencies of the case in which it was issued. "Since the infant himself cannot appoint an agent and thereby confer on him powers springing from the contractual power of his principal,

the powers of the next friend who sues, or of the guardian ad litem who defends, for an infant are strictly limited to the performance of the precise duty imposed upon him by law." 14 R. C. L. p. 288.

Victor Feril Angco held no general or special letters of guardianship, judgment of adoption or other warrant of authority in the premises except as above set forth and he had no inherent power to waive for said minors, by election of remedies or otherwise, their rights to claim compensation against himself, as employer, for the death of their father. In this view it is unnecessary for us to consider whether or not, in view of the adverse judgments of three courts, the injury for which compensation is now sought can be said to have been sustained "under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto" within the meaning of the statute which later permits an option either to "claim compensation under this chapter or obtain damages from or proceed at law against that other person to recover damages." In any event the rights of the minors to relief in the premises cannot be held to be barred because of Victor Feril Angco's prosecution of the action in which he was appointed as their next friend for that purpose only. There was no exclusive election of remedies in the premises.

2. Question number one having been answered in the negative then, under the facts submitted, "is the guardian herein, in view of sections 3624 and 3628, Revised Laws of Hawaii, 1925, barred from maintaining proceedings for compensation?" Section 3624, before its amendment by Act 93, L. 1931, and Act 180, L. 1933, provided in part as follows: "No proceedings under this chapter for compensation for an injury shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof, and unless

a claim for compensation with respect to the injury shall have been made within three months after the date of the injury; or, in case of death, then within three months after the death, whether or not a claim had been made by the employee himself for compensation. The notice and claim may be given or made by any person claiming to be entitled to compensation or by some one on his behalf." Section 3628 provides as follows: "No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor dependent so long as he has no guardian, or next friend." The date of the death of Felix Angco was June 16, 1930. Under date of August 29, 1933, notice of injury and claim for compensation were made and addressed to Victor Feril Angco, the employer, by Victor Feril Angco, as uncle and next friend of the two minors. This claim was later withdrawn by Victor Feril Angco and later, under date of September 18, 1933, a similar notice and claim were made by Arthur W. A. Cowan, as guardian of the estates of said two minors, under letters of guardianship dated the same day. Counsel for Victor Feril Angco and his insurance carrier now urge that the claim of the minors not having been made within the three months' period above referred to is barred by section 3624 and that the said minors, because of their former representation by Victor Feril Angco, as next friend, were not protected by the suspension of limitations provided as above quoted by section 3628. We are of the opinion that the terms "guardian" and "next friend" used as above, in section 3628, refer to a "guardian" or "next friend" duly empowered to act for the minor in the premises and that they do not refer to a guardian *ad litem* or to a next friend acting under special appointment with powers limited to another proceeding not before the industrial accident board and not within the provisions of the Workmen's Compensation Act. So

far as compensation claims and proceedings for their enforcement are concerned the disability of infancy is not removed by the appointment of a next friend to prosecute an action of tort in the circumstances above set forth. In the instant case the statutory limitation did not begin to run until the appointment of Mr. Arthur W. A. Cowan, as guardian of said minors' estates, and his claim for compensation in their behalf was made well within the time allowed by law.

Both questions are answered in the negative.

*N. W. Applegarth* (*Prosser, Anderson, Marx & Wrenn* on the briefs) for the employer and insurance carrier.

*A. W. A. Cowan,* guardian (also on the brief), in person.